Filed 11/6/20  P. v. Rivera CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JUAN CARLOS RIVERA,<br><br>    Defendant and Appellant. | G058213<br><br>(Super. Ct. No. 96CF0802)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, James Edward Rogan, Judge.  Reversed and remanded with directions.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Todd Spitzer, District Attorney, and Seton B. Hunt, Deputy District Attorney, for Plaintiff and Respondent.

Defendant Juan Carlos Rivera appeals from the lower court's denial of his petition for resentencing under Penal Code section 1170.95 (undesignated statutory references are to the Penal Code). The court found the legislation enacting section 1170.95 violated article II, section 10, subdivision (c) of the California Constitution by improperly amending 1978's Proposition 7 and 1990's Proposition 115. As a result, the court found defendant was not entitled to relief under section 1170.95. We reverse.

## FACTUAL BACKGROUND

In 1998, a jury convicted defendant of second degree murder, misdemeanor assault, and dissuading a witness. The trial court separately found true a criminal street gang enhancement on the dissuading charge, and allegations of a prior strike and a prior serious felony conviction. Defendant was sentenced to 30 years to life on the murder, plus a consecutive 14 years on the other charges and enhancements. His conviction was affirmed in part, and reversed in part to correct custody credits. (*People v. Diaz, et al.* (Mar. 28, 2001, G023892, G025088) [nonpub. opn.].)

In 2019, defendant filed a petition seeking resentencing on the murder count pursuant to section 1170.95. The court denied the petition, finding Senate Bill No. 1437 (Stats. 2018, ch. 1015; SB 1437)—the legislation that, among other things, enacted section 1170.95—was unconstitutional. The court found SB 1437 "materially amend[ed] [section] 190, as enacted by the electorate via Proposition 7, in a manner inconsistent with the electorate's intent and without the electorate's approval," and "materially amend[ed] [sections] 189 and . . . 190.2, as amended by the electorate via Proposition 115, in a manner inconsistent with the electorate's intent and without the required two-thirds majority of both houses of the California Legislature as required under the initiative." The court did not address whether defendant otherwise qualified for relief under section 1170.95.

Defendant appeals, contending the lower court erred by finding SB 1437 unconstitutional. He seeks reversal of the order denying his section 1170.95 petition and

a remand for a hearing on its merits.  The People have not formally responded to defendant's contentions.[1]

## DISCUSSION

Effective January 1, 2019, SB 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  It accomplished this by amending section 188, which defines malice, to add a requirement that all principals to a murder must act with either express or implied malice to be convicted of that crime.  (*Id.* at § 2.)  It also amended section 189, which defines the degrees of murder, by adding a condition to the felony-murder rule.  Thus, in order to be convicted of felony murder, a defendant who was neither the actual killer nor a direct aider and abettor to the murder must have been a major participant in the underlying felony who acted with reckless indifference to human life.  (*Id.* at § 3; see *People v. Martinez* (2019) 31 Cal.App.5th 719, 723.)

Relevant here, SB 1437 also established a statutory procedure for the defendants previously convicted of murder to seek resentencing if they believe they could not currently be convicted of that crime under the newly amended provisions of sections

---

[1]  Appearing as respondent in this matter, the Orange County District Attorney filed a cryptic "letter brief" informing us that "[i]n light of this Court's numerous duplicative rulings on the identical issue presented in this case, [he] will rely upon the record below and will not file a brief."  He does not cite these "duplicative rulings," argue whether or why they were incorrectly decided, or identify the "record below" to which he refers.  He also does not clarify the paradoxical incongruity of filing a brief to tell us he is not going to file a brief.  Simply put, although nominally appearing as the respondent, the district attorney has failed to "respond."  (Cf. *People v. Wilkinson* (2004) 33 Cal.4th 821, 846, fn. 9 ["'[E]very brief should contain a legal argument with citation of authorities on the points made.  If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration'"].)

188 and 189.  (SB 1437, § 4 [enacting newly codified section 1170.95].)  Section 1170.95 thereby allows those "convicted of felony murder or murder under a natural and probable consequences theory . . . [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts . . . ."  (§ 1170.95, subd. (a).)

The constitutionality of SB 1437 was upheld by a different panel of this Division Three in *People v. Solis* (2020) 46 Cal.App.5th 762, and *People v. Cruz* (2020) 46 Cal.App.5th 740.  These followed similar decisions by our colleagues in Division One of this Court in *People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270, 277 and *People v. Lamoureux* (2019) 42 Cal.App.5th 241.

Since then, the other Courts of Appeal, including another panel of our own Division Three, have also upheld the constitutionality of SB 1437.  (See *People v. Lombardo* (2020) 54 Cal.App.5th 553, 561; *People v. Lippert* (2020) 53 Cal.App.5th 304, 314; *People v. Nash* (2020) 52 Cal.App.5th 1041, 1053; *People v. Superior Court* (*Ferraro*) (2020) 51 Cal.App.5th 896, 902; *People v. Lopez* (2020) 51 Cal.App.5th 589, 594; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 211; *People v. Johns* (2020) 50 Cal.App.5th 46, 54-55; *People v. Prado* (2020) 49 Cal.App.5th 480, 492; *People v. Smith* (2020) 49 Cal.App.5th 85, 91-92, review granted on other grounds, July 22, 2020, S262835; and *People v. Bucio* (2020) 48 Cal.App.5th 300, 306.)  To date, no published appellate court decision has held otherwise, on any constitutional ground, and the Supreme Court has not taken up the issue.

In all these earlier cases, the courts have agreed with arguments substantially the same as those advanced by defendant here, and rejected findings and conclusions like those made by the lower court.  Respondent has declined to address our decisions or the many other recently published decisions that have all reached the same conclusion.  By his inaction, he offers nothing to convince us that we, or our colleagues in the other Courts of Appeal, were incorrect.  Consequently, it is unnecessary to further

4

discuss the constitutional validity of SB 1437, given that it has been so thoroughly discussed in the prior decisions of the Courts of Appeal. We see no reason to depart from the cases holding SB 1437 is constitutional, including our own, and follow and adopt the reasoning of the decisions upholding the constitutional validity of SB 1437.

We once again hold—pending a contrary decision by our Supreme Court—that SB 1437 did not improperly amend Propositions 7, or 115, and is constitutional. The lower court erred by finding otherwise, and we reverse its order denying defendant's section 1170.95 petition on those grounds.

## DISPOSITION

The postjudgment order denying defendant's petition for resentencing is reversed, and the matter is remanded to the superior court with directions to conduct proceedings on the merits pursuant to section 1170.95. We express no opinion how the court should rule at those proceedings.

                 _____

                 THOMPSON, J.

WE CONCUR:


_____

BEDSWORTH, ACTING P. J.


_____

MOORE, J.